## Lennig v. Choctaw, Oklahoma and Gulf Railroad Company.

*Railroads—Income mortgage bond scrip.*

Where the stockholders and bondholders of a railroad company with the assent of the company adopt a plan of reorganization by which certain income mortgage bonds provided for in outstanding scrip certificates are converted into preferred stock, and it appears that no time is mentioned in the certificates within which they are to be presented for conversion into bonds, the railroad company cannot set up as a defense in an action against it on a certificate, the plan of reorganization, nor the delay of the plaintiff in not presenting his certificate until after the income bonds had been retired.

Argued Oct. 12, 1900. Appeal, No. 130, Oct. T., 1900, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1899, No. 926, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of John B. Lennig v. Choctaw, Oklahoma and Gulf Railroad Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a certificate of scrip.

From the record it appeared that the paper upon which suit was brought was as follows:

"No. 24.　　　　　　　827.　　　　　　　$827.77 100.

"CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY.

"Income Mortgage Bond Scrip.

"This is to certify That the bearer is entitled to Eight hundred & twenty-seven & 77 100 Dollars in the Income Mortgage Bonds of the Choctaw, Oklahoma & Gulf Railroad Company. This certificate is convertible into said bonds upon presentation of this and similar certificates in amounts aggregating One Thousand Dollars, or multiplies thereof, at the office of the Company.

"CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY,

"By FRANCIS I. GOWEN, President.

"Attest:

"J. PARKE HOOD, Secretary.

[Seal.]

The material averments of the statement of claim and of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Hazard Dickson*, for appellant.—Impossibility of performance, resulting not from the acts of the party to whom performance is due but resulting from the acts of another, will not excuse performance by the party from whom that is due : Paradine v. Jane, Aleyn, 26 ; The Harriman, 9 Wall. 161 ; Hoy v. Holt, 91 Pa. 88.

Disabling one's self to perform a contract constitutes a breach, for which damages are recoverable even before the time certain stipulated for performance, was decided in the leading case of Frost v. Knight, L. R. 7 Exch. 111.

When it is clear that the corporate obligations cannot be met but must be readjusted, and out of many interested all but one or two small holders agree that a proposed readjustment is fair, the overwhelming presumption must be that in fact it is fair: Shaw v. Little Rock, etc., R. R. Co., 100 U. S. 605.

*A. T. Freedley*, for appellee.—A defendant preventing performance cannot defeat a plaintiff's recovery by relying upon the condition precedent as to performance required by the contract: Peck v. United States, 102 U. S. 64 ; Grove v. Donaldson, 15 Pa. 135 ; Frost v. Knight, L. R. 7 Exch. 111 ; Hochster v. De la Tour, 2 Ellis & Blackburn, 690 ; Stewart v. Walker, 14 Pa. 293 ; Hall v. Rupley, 10 Pa. 231.

As a plaintiff need not prove a condition precedent which has been rendered impossible by the defendant, it is equally well settled that he need not aver it in his pleadings : Cotterill v. Cuff, 4 Taunton, 285 ; Moulton v. Trask, 9 Metcalf, 577.

OPINION BY BEAVER, J., January 22, 1901 :

The plaintiff brought his action to enforce a contract of which the following is a copy : " This is to certify that the bearer is entitled to $827.77 in the income mortgage bonds of the Choc-

taw, Oklahoma & Gulf Railroad Company. This certificate is convertible into said bonds upon presentation of this and similar certificates in amounts aggregating $1,000 or multiples thereof at the office of the company." This certificate bears no date nor is any time fixed within which it is to be presented for conversion into the bonds specified therein. The plaintiff specifically avers that it was presented to the defendant November 16, 1899, with the request that a mortgage bond for the amount of it should be delivered to him, which request was refused; that he "then tendered the said income mortgage bond scrip in the sum of $827.77, together with $172.23 in legal tender of the United States of America, and demanded that an income mortgage bond in the sum of $1,000 should be delivered to him. The defendant declined and refused to comply with the request. The plaintiff then tendered the income mortgage bond scrip to the defendant and requested that it be redeemed in cash, which the defendant also declined and refused to do." He also averred that "an income mortgage bond in the amount of the defendant's obligation held by the plaintiff, namely, in the sum of $827.77, would be worth the par value thereof, namely, $827.77, and a $1,000 income mortgage bond would be worth the par value thereof." None of these averments are specifically denied, except that as to the tender of $172.23 in cash in connection with the certificate. The defendant, however, seeks to avoid the obligation alleged in and by these averments by reciting the details of a plan of reorganization adopted by the stockholders and bondholders of the defendant, by which the income mortgage bonds provided for in the scrip certificate should be converted into preferred stock and the bonds retired, in pursuance of which the full issue of bonds provided for in the mortgage, namely, $1,100,000, was called in and the mortgage satisfied, whereby it became impossible for the defendant to issue a bond to the plaintiff either for the amount of his certificate or the larger sum of $1,000, by virtue of which arrangement it seeks to avoid liability upon the certificate.

It is vain for the defendant to hide behind the action of its stockholders and bondholders. Without its consent, the arrangement could not have been carried into effect. It acquiesced therein and issued the preferred stock in accordance with

510, (1901).] Opinion of the Court.

the arrangement by virtue of which its income bonds were all canceled, its mortgage satisfied and its inability to comply with the provisions of the scrip certificate brought about. We cannot see that this is an answer to the plaintiff's demand. It was undoubtedly to the interest of the defendant as well as to its stockholders and bondholders to carry out the arrangement outlined in the plan of reorganization, as subsequent events showed, but there is no allegation that there would have been a bond to meet the plaintiff's certificate, if it had been presented at the time the reorganization was carried into effect, even if it had been incumbent upon him to do so. The plaintiff was not bound to present his certificate for conversion at any particular time. He ran the risk of holding it and thereby losing it. As a matter of fact, he lost interest until the time of the demand. We cannot see that the defendant was in any way injured by the delay, if the averments contained in the plaintiff's statement, and not denied by the affidavits of defense, are correct, and these we must take as verity. We find no error in the entry of judgment for want of a sufficient affidavit of defense.

Judgment affirmed.